IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN TROY WOLTZ,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-6702** |
| | : | |
| **SUSAN GOOD,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**SCOTT, J.**                                                                                               **DECEMBER 19, 2024**

Brian Troy Woltz has filed another civil action in an attempt to prevent his eviction from his Bucks County apartment, along with a request for a temporary restraining order, and a notice of removal of the underlying landlord-tenant action. Because the Court has dismissed his multiple prior attempts to receive this relief and warned Woltz that continuing this litigation conduct could result in sanctions, the Complaint will be dismissed as malicious and Woltz will be directed to show cause why he should not be enjoined from filing additional cases.

**I.      BACKGROUND AND THE CURRENT CASE PLEADINGS**

In a Memorandum and Order filed on September 4, 2024, the Court dismissed the first two cases brought by Brian Troy Woltz *in forma pauperis* against his landlords. *See Woltz v. Good*, No. 24-4529, *Woltz v. Good*, No. 24-4532, 2024 WL 4043449 (E.D. Pa. Sept. 4, 2024). Woltz's requests mandamus relief were dismissed because the Court lacked subject matter jurisdiction to grant the writs. Also, a state court landlord-tenant case he sought to remove to this Court was remanded to the state court for lack of subject matter jurisdiction. *Id*. Undeterred, Woltz filed another *in forma pauperis* Complaint on November 25, 2024, this time naming his landlords, the attorneys who represented the landlords in state court actions, an

Assistant District Attorney, and Bucks County judicial officials. He sought a "writ of *quo warranto*, sanctions, disqualification, and declaratory judgment." *Woltz v. Good*, No. 24-6296, 2024 WL 5130836, at *1 (E.D. Pa. Dec. 13, 2024) (citing Compl. (ECF No. 2) at 1, 4.) He also cited 42 U.S.C. § 1983 and asserted civil rights claims seeking as relief that this Court enjoin the eviction proceeding. (*Id*. (citing Compl. at 3).) The Court determined that Woltz had no standing to seek *quo warranto* relief and the Anti-Injunction Act precluded this Court from enjoining the state court eviction. *Id*. at *2-3. The Court dismissed any state law claims for lack of subject matter jurisdiction and directly warned Woltz that, should he again seek to have this Court intervene in his state court landlord-tenant case or his seek to remove a case over which this Court may not exercise jurisdiction, the Court would consider the issuance of a prefiling injunction narrowly tailored to prevent the continuation of this vexatious litigation conduct. *Id*. at *4.

      Nevertheless, Woltz filed the instant case on December 16, 2024, three days after Civil Action No. 24-6296 was dismissed, along with a motion for leave to proceed *in forma pauperis*. He seeks again to remove the landlord-tenant case to this Court, filing the case "as an unyielding response to pervasive judicial misconduct, administrative collusion, and systemic violations of constitutional rights that have tainted the state judiciary at every level." (Comp. at 2.) He also asserts § 1983 claims naming the landlords, the same attorneys and Assistant District Attorney he named in Civil Action No. 24-6296, and judicial officials. In his 229-page Complaint, he claims his Fifth and Fourteenth Amendment due process and equal protection rights have been violated. (*Id*. at 10.) In addition to removal of the state court case, he seeks to strike pleadings in the state court action; "recognize and record systemic violations and procedural deficiencies"; impose monetary sanctions, professional reprimands, and disqualifications; make formal findings

of judicial bias, administrative misconduct, and violations of his rights; declare null and void all state court orders; and money damages. (*Id*. at 19-21.) Woltz also filed an "Urgent Motion for Immediate Intervention" (ECF No. 3), three motions labeled "Supplemental Motion for Immediate Removal, Protective Federal Jurisdiction, and Emergency Relief"[1] (ECF Nos. 5, 6. 7), and an "Emergency Motion for Temporary Restraining Order and Stay of Execution." (ECF No. 8.)

## II.   STANDARD OF REVIEW

The Court grants Woltz leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss his Complaint if it is, *inter alia*, malicious. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

---

[1] Woltz does not provide a caption of the case or cases he seeks to remove in any of these Motions, however, he references the following state court docket numbers in his Complaint: Case Nos. 2024-02434, 2024-04334, and 2024-06720. (ECF No. 2 at 2.) In dismissing Woltz's prior cases, the Court previously remanded one of these cases, *Good v. Woltz*, No. 2024-02434 (C.P. Bucks), to the Court of Common Pleas of Bucks County pursuant to 28 U.S.C. § 1447(c). (*See Woltz*, Civil Action No. 24-4529, ECF No. 6.) The prior decision also references *Woltz v. Good*, No. 2024-04334 (C.P. Bucks), a case Woltz himself filed in state court, and for which the Court would have no jurisdiction under the removal statute since 28 U.S.C. § 1443 provides that certain cases commenced in state court "may be removed by the defendant." These cases match two of the three docket numbers listed in the Complaint, but the third case is unclear.

### III. DISCUSSION

#### A. The Complaint is Malicious

Woltz again seeks to remove the state court landlord-tenant action or otherwise have this Court intervene in that action to prevent his being evicted, and he pursues essentially the same legal theories against Defendants whom he named in his prior civil actions. The new Complaint is plainly abusive of the judicial process. The Court has already denied essentially the same claims seeking the same relief against the same Defendants in two prior decisions dismissing Woltz's three prior cases, no matter the claims, legalisms or judicial processes Woltz tries to employ to avoid the inevitable result that this Court has no role to play in a state court eviction proceeding. Woltz is clearly attempting to avoid being evicted by the use of vexatious litigation conduct. Accordingly, the Complaint is dismissed with prejudice.

#### B. Order to Show Cause

Woltz was warned that continuing this litigation conduct would have consequences. He was placed on notice that filing additional cases seeking to have this Court intervene in his state court landlord-tenant case or seeking to remove a case over which this Court may not exercise jurisdiction could result in the issuance of a prefiling injunction narrowly tailored to prevent the continuation of this vexatious litigation conduct. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which permits a district court to enjoin "abusive, groundless, and vexatious litigation," *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982), in the accompanying Order Woltz will be directed to show cause why he should not be enjoined from filing additional cases seeking to have this Court intervene in his state court landlord-tenant case or his seeking to remove a case over which this Court may not exercise jurisdiction, regardless of the relief sought.

5

    For the reasons stated, an Order will be separately entered dismissing this case, denying the pending Motions, and directing Woltz to show cause as stated. No leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

**BY THE COURT:**

/S/ Kai N. Scott
**KAI N. SCOTT, J.**