IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN TROY WOLTZ,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-6702** |
| : | |
| **SUSAN GOOD,** *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**SCOTT, J.**  **JANUARY 10, 2025**

In a prior Memorandum and Order dismissing this case (ECF Nos. 10, 11), Brian Troy Woltz was directed to show cause why a prefiling injunction should not be entered directing the Clerk of Court not to accept additional cases submitted by Woltz seeking to have this Court intervene in his state court landlord-tenant case or his seeking to remove his landlord tenant case, over which this Court may not exercise jurisdiction. The Order to Show Cause was entered based on Woltz's repetitive attempts to remove or initiate such cases to prevent or delay his eviction from his Bucks County apartment. For the following reasons, a prefiling injunction will be entered.

I.   BACKGROUND

In a Memorandum and Order filed on September 4, 2024, the Court dismissed the first two cases brought by Woltz *in forma pauperis* against his landlords. *See Woltz v. Good*, No. 24-4529, *Woltz v. Good*, No. 24-4532, 2024 WL 4043449 (E.D. Pa. Sept. 4, 2024). His requests for mandamus relief were dismissed because the Court lacked subject matter jurisdiction to grant the writs. Also, a state court landlord-tenant case he sought to remove to this Court from the Bucks County Court of Common Pleas, *Good v. Woltz*, No. 2024-02434, was remanded to the state

court for lack of subject matter jurisdiction. *Id*. Undeterred, Woltz filed another *in forma pauperis* Complaint on November 25, 2024, this time naming his landlords, the attorneys who represented the landlords in state court actions, an Assistant District Attorney, and Bucks County judicial officials. He sought a "writ of *quo warranto*, sanctions, disqualification, and declaratory judgment." *Woltz v. Good*, No. 24-6296, 2024 WL 5130836, at *1 (E.D. Pa. Dec. 13, 2024) (quoting Compl. (ECF No. 2) at 1, 4.) He also cited 42 U.S.C. § 1983 and asserted civil rights claims seeking as relief that this Court enjoin the eviction proceeding. (*Id*. (citing Compl. at 3).) The Court determined that Woltz had no standing to seek *quo warranto* relief and the Anti-Injunction Act precluded this Court from enjoining the state court eviction. *Id*. at *2-3. The Court dismissed any state law claims for lack of subject matter jurisdiction and directly warned Woltz that, should he again seek to have this Court intervene in his state court landlord-tenant case or his seek to remove a case over which this Court may not exercise jurisdiction, the Court would consider the issuance of a prefiling injunction narrowly tailored to prevent the continuation of this vexatious litigation conduct. *Id*. at *4.

Woltz filed the instant case on December 16, 2024, three days after Civil Action No. 24-6296 was dismissed, along with a motion for leave to proceed *in forma pauperis*. Notwithstanding the warning, he again sought to remove the landlord-tenant case to this Court, filing the case, he claimed, "as an unyielding response to pervasive judicial misconduct, administrative collusion, and systemic violations of constitutional rights that have tainted the state judiciary at every level." (Comp. at 2.) He again asserted § 1983 claims naming the landlords, the same attorneys and Assistant District Attorney he named in Civil Action No. 24-6296, and judicial officials. In his 229-page Complaint, he claimed his Fifth and Fourteenth Amendment due process and equal protection rights were violated. (*Id*. at 10.) In addition to

removal of the state court case, he sought to strike pleadings in the state court action; "recognize and record systemic violations and procedural deficiencies"; impose monetary sanctions, professional reprimands, and disqualifications; make formal findings of judicial bias, administrative misconduct, and violations of his rights; declare null and void all state court orders; and money damages. (*Id*. at 19-21.)  Woltz also filed an "Urgent Motion for Immediate Intervention" (ECF No. 3), three motions labeled "Supplemental Motion for Immediate Removal, Protective Federal Jurisdiction, and Emergency Relief" (ECF Nos. 5, 6. 7), and an "Emergency Motion for Temporary Restraining Order and Stay of Execution." (ECF No. 8.) The case was dismissed on December 19, 2024 under the statutory screening authority that permits the Court to dismiss malicious claims, 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 10 at 2-4.)

In sum, Woltz's submissions to this Court total some 1,770 pages, not including *in forma pauperis* materials and his Response to the Order to Show Cause.  Because he continued to pursue claims pertaining to the landlord-tenant matter despite having been informed that those claims lacked a legal basis and despite the Court's warning that repeated pursuit of such claims would have consequences, the Court required him to show cause, in a response not to exceed ten pages, why he should not be enjoined from continuing to file such cases. (ECF No. 11.)  In his 39-page Response, Woltz again blames state court judges involved in his landlord-tenant case, and perhaps this Court, for violating his rights, failing to adhere to oaths, failing to help him as a *pro se* litigant, and he alleges collusion. (ECF No. 15 at 3-4.)  He asserts his filings in federal court "were made in good faith and with a clear effort to comply with procedural requirements," and this Court's requirement that he show cause "is an abuse of judicial authority and reflective of the systemic failures that necessitate federal oversight." (*Id*. at 6 (emphasis omitted).)

3

II.     **STANDARD OF REVIEW**

The All Writs Act, 28 U.S.C. § 1651(a), permits a district court to enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The United States Court of Appeals for the Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

III.    **ANALYSIS**

Woltz's abuse of the judicial process by filing repetitive new cases that lack serious merit, and his repeatedly seeking to remove a landlord-tenant dispute over which this Court has no basis to exercise subject matter jurisdiction, all in an effort to interfere with state court eviction proceedings, is the type of exigent circumstances warranting action by the Court. The Court has provided Woltz with notice and he has filed a Response indicating why an injunction should not issue. However, his arguments merely repeat the same assertions the Court has

4

rejected as legally meritless. He has routinely filed pleadings with repetitious materials, meaningless legal jargon, legal conclusions unsupported by actual facts, and no facts that support this Court's exercise of subject matter jurisdiction. His assertion that his filings in federal court have been "made in good faith and with a clear effort to comply with procedural requirements" (ECF No. 15 at 6), is belied by his refusal to accept the decisions of this Court that he may not use federal court pleadings to interfere with state court eviction proceedings and to heed the Court's clear warning to end that behavior.

      The Court cannot permit the continued expenditure of scarce judicial resources to adjudicate Woltz's meritless attempts to invoke federal jurisdiction to prevent his eviction under state procedures. To stop this contumacious conduct, a narrowly tailored injunction will direct the Clerk to refuse to accept for filing any new cases, including removals, that concern his landlord-tenant case in Bucks County. An appropriate Order follows.

                                   **BY THE COURT:**

                                   */S/ Kai N. Scott*
                                   **KAI N. SCOTT, J.**